FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 DEC -9 P 4: 02

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAVID ORLANDO HARRIS, # 34555-037     *
Petitioner                                                      *
                                                                     *     Civil Action No. JKB-13-3196
v                                                                  *
                                                                     *
STATE OF MARYLAND                                  *
Respondent                                                   *
                                                                  ***

### MEMORANDUM

Pending is David Orlando Harris' Petition for Writ of Coram Nobis challenging his 1985 state conviction.

I.     **BACKGROUND**

Harris states he was convicted on February 15, 1985, in the Circuit Court for Baltimore County of second-degree sexual offense and assault. After serving his unstated term of imprisonment, he was released. Subsequently, he was convicted of a federal offense[1] and his federal sentence was enhanced based on his earlier state conviction.

Harris filed a Petition for Writ of Error Coram Nobis on January 5, 2010, in the Circuit Court for Baltimore County. It was denied as barred by the doctrine of laches.[2] He states he appealed that decision in Court of Special Appeals of Maryland which "affirmed the lower courts [sic] decision and issued its mandate on August 30." ECF No. 1 at 5. Petitioner, who is proceeding in this matter pro se, does not provide the full date of the decision. According to the Maryland Judiciary Website, the State filed an Answer and Motion to Dismiss the appeal on November 19, 2013, and the matter is pending before the Court of Special Appeals. *See supra* n.2.

---

[1]  Harris provides no criminal case number.

[2]  *See* Case Number 03K8400369, http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?case Id=03K84003697&loc=55&detailLoc=K .

## II.    DISCUSSION

The All Writs Act, 28 U.S.C. 1651(a), provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). The Writ of Error Coram Nobis is an extraordinary remedy which may be used to correct fundamental error in a criminal conviction "presenting circumstances compelling its use to achieve justice." *Denedo*, 556 U.S. at 911 (internal quotation marks omitted); *see also United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012). Relief is limited to those petitioners who are no longer in custody pursuant to their convictions. *See Carlisle v. United States*, 517 U.S. at 416, 429 (1996). Further, relief is not available when there is an alternative remedy, such as habeas corpus. *See Denedo*, 556 U.S. at 911; *Akinsade*, 686 F.3d at 252.

If Harris's appeal of the decision denying his application for coram nobis relief remains pending before the Court of Special Appeals, there clearly remains available to him an alternative remedy; thus, there is no cause to award extraordinary relief by way of a petition for writ of coram nobis. Mindful that petitioner's pro se filings must be construed liberally, the court will grant Petitioner twenty-eight days to show cause why the petition should not be dismissed without prejudice. Petitioner is encouraged to provide a copy of the "August 30" decision of the Court of Special Appeals referenced in the petition and identify his federal case number. A separate order follows this Memorandum Opinion.

James K. Bredar
United States District Judge          12/9/13

2