IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID ORLANDO HARRIS, # 34555-037 * | |
| Petitioner * | Civil Action No. JKB-13-3196 |
| * | |
| v * | |
| * | |
| STATE OF MARYLAND * | |
| Respondent * | |
| *** | |

## MEMORANDUM

Pending is David Orlando Harris's petition for writ of coram nobis challenging his February 15, 1985, state conviction in the Circuit Court of Baltimore County for second-degree sexual offense and assault which was used to enhance his subsequent federal sentence. This petition will be dismissed for lack of jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure which provides that whenever it appears the court lacks subject matter jurisdiction "the court must dismiss the action."

Federal courts lack jurisdiction under 28 U.S.C. § 1651(a) to alter the judgment of the state trial courts by way of coram nobis. *See Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis ... cannot issue under the instant proceeding ... for the judgments are not in the court which Thomas has petitioned."); *Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) ("[D]istrict courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts."); *Obado v. New Jersey*, 328 F.3d 716, 718 (3rd Cir. 2003) ("[C]oram nobis is not available in a federal court as a means of attack on a state criminal judgment."); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments."); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) ("Lowery's counsel conceded that she had not

found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court."); *Booker v. Arkansas*, 380 F.2d 240, 244 (8th Cir. 1967) ("Relief by the writ ... is available, if at all, only in the court which rendered the judgment under attack."), *abrogated on other grounds by Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488–89 (1973); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962) ("[U]se of the writ is limited by tradition and rule ... and cannot be used as a ... collateral writ of error between state and federal jurisdictions.").

Accordingly this case will be dismissed for lack of jurisdiction by separate order. To the extent a certificate of appealability is required for appeal, Harris has not satisfied the requisite standard under 28 U.S.C. § 2253(c)(2) and none shall issue.[1]

May 1, 2014
Date

James K. Bredar
United States District Judge

---

[1] On January 27, 2014, Harris, who is incarcerated at FCI Loretto in Pennsylvania, sent a letter to this court complaining he has been sexually abused by a corrections officer. If Harris wishes to pursue this claim, he must file his complaint in the judicial district where he is in custody and the actions alleged occurred.